# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| GERALDINE CROSBY, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   No. 4:19-cv-00611-DGK |
| | ) |
| BOEHRINGER INGELHEIM | ) |
| PHARMACEUTICALS, INC., | ) |
| | ) |
|    Defendant. | ) |

## ORDER DENYING MOTION FOR SUMMARY JUDGMENT WITHOUT PREJUDICE AND STAYING CASE

Plaintiff Geraldine Crosby allegedly suffered injuries after using Pradaxa, a pharmaceutical manufactured, designed, distributed, sold, and supplied by Defendant Boehringer Ingelheim Pharmaceuticals ("BI"). Now before the Court is BI's motion for summary judgment. ECF No. 44. Defendant argues United States Food and Drug Administration regulations preempt Plaintiff's claims under Mo. Ann. Stat. § 537.760 and Missouri common law for damages arising from Plaintiff's use of Pradaxa.

Defendant relies on *Ridings v. Maurice*, 444 F. Supp. 3d 973 (W.D. Mo. 2020), to support its contention that Plaintiff's claims are preempted. In *Ridings*, a federal magistrate judge granted summary judgment in favor of the defendants[1] on the basis that similar claims were preempted by FDA regulation. *Id.* The *Ridings* plaintiff appealed the issue of federal preemption. *See Ridings v. Boehringer Ingelheim Pharms.*, No. 20-1824 (8th Cir. filed April 17, 2020). The parties to this case agree that a ruling on the *Ridings* appeal may be dispositive to Defendant's motion for summary judgment. On November 12, 2020, the Eighth Circuit stayed the *Ridings* appeal pending

---

[1] BI was also a defendant in *Ridings v. Maurice*. 444 F. Supp 3d at 977.

a potential global settlement agreement. Clerk Order, *Ridings v. Boehringer Ingelheim Pharms.*, No. 20-1824.

On November 9, 2020, the parties jointly requested a stay in this case to finalize a global settlement agreement. ECF No. 70. The Court denied the motion without prejudice out of concern that granting the stay would force the Court to reschedule trial—currently set for November 1, 2021—if the parties are unable to reach a final agreement. ECF No. 71.

Because the Eighth Circuit is unlikely to rule on the *Ridings* appeal before this case is scheduled for trial, the Court has reconsidered its decision. *Clinton v. Jones*, 520 U.S. 681, 707 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). This case is STAYED, and the parties shall issue a joint stipulation of dismissal or a status update on or before August 1, 2021. Defendant's motion for summary judgment is DENIED WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

Date: March 24, 2021                    /s/ Greg Kays
                                        GREG KAYS, JUDGE
                                        UNITED STATES DISTRICT COURT